## Wilson *against* Outlaw.

**1, In attachment vs. a non-resident, the affidavit should state that the defendant actually resides "out of the State,** so that the ordinary process of law cannot be served on him the defendant." 2, Motion to quash does not cure defects in attachment.

JUDGE *Crenshaw* delivered the opinion of the Court.

There are several assignments of Error in this case, only one of which will be considered by the Court ; as in this there is an unanimity of opinion, and it will dispose of the case. The affidavit on which the attachment issued

states that the defendant is an inhabitant of another State, but does not state that the ordinary process of law cannot be served on him. The Statute requires that the affidavit should state that the defendant actually "resides "out of that State, so that the ordinary process of law cannot "be served on him." We will not make a refined distinction between a resident and an inhabitant. The affidavit, so far as it has gone, substantially pursues the requisites of the Statute, but it has not gone far enough. It should have expressed that the ordinary process of law could not be served on the defendant. The attachment is an extraordinary proceeding, and every requisite of the Statute should be complied with. We are of opinion that this, independent of the other grounds, sustains the Judgment of the Court below, quashing the attachment. As to the appearance, it was merely for the purpose of making the motion to quash, and it did not cure the defect.

JUNE, 1824.

Wilson
v.
Outlaw.

Let the judgment of the Circuit Court be affirmed.